UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD L. KELLY,<br><br>              Plaintiff,<br><br>    vs.<br><br>MIKE PERSON,<br>KELLY COUNSELOR,<br>RANNA STOOPS,<br>MIKE MITCHEFF,<br>JOE THOMPSON,<br>JANE DOE #1,<br>MANDIP BARTELS,<br><br>              Defendants. | ) <br>) <br>) <br>) <br>) <br>) No. 1:15-cv-00400-TWP-TAB <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

**Entry on Motion to Show Cause, Vacating Final Judgment,
Dismissing Claims, and Directing Issuance of a New Final Judgment**

On March 11, 2015, the Court ordered Plaintiff Richard Kelly to show cause why this action should not be dismissed as duplicative of the claims Mr. Kelly raised or could have raised in *Kelly v. Person*, No. 1:14-cv-01364-SEB-DML (S.D. Ind.), or *Kelly v. Mitcheff*, No. 3:13-cv-924-RL-CAN (N.D. Ind.). Mr. Kelly submitted certain filings to the Court, but never directly replied to the Court's show cause order. Following the expiration of Mr. Kelly's deadline to respond to the show cause order, the Court, in its Entry dated May 14, 2015, explained why Mr. Kelly had failed to show cause and entered final judgment on that same date.

After final judgment was issued, Mr. Kelly filed a motion to show cause and several other filings. In these filings, Mr. Kelly states under the penalty of perjury that prison officials prevented him from timely filing his response to the Court's show cause order. In the event this statement is true, Mr. Kelly's motion to show cause [dkt 20] is **granted** to the extent that the Court will consider the arguments presented in that motion as to why this case is not duplicative of the claims raised

in the two other cases referenced above.  Accordingly, the Court **vacates** the final judgment issued on May 14, 2015.

A lawsuit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citations omitted)).  "A district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *see Rizzo v. City of Wheaton, Ill.*, 462 Fed. Appx. 609, 613 (7th Cir. 2011) ("District courts have ample discretion to dismiss duplicative litigation. . . .").  Mr. Kelly contends that the claims raised in this case are not duplicative of those raised in his other cases because this case involves treatment of pain he is experiencing around the area where the spleen is located, while his other cases involve the treatment of his chronic neurological problems and spinal pain.  However, a review of the claims raised in this case and Mr. Kelly's other pending cases reveals that the claims, parties, and relief do not significantly differ; therefore, dismissal of the current claims as duplicative is warranted for the following reasons:

First, Mr. Kelly alleges (in Count III of his complaint) that Defendants Person and Bartel implemented a policy of denying inmates treatment from medical specialists.  Mr. Kelly raised this exact claim against the same two defendants (and Dushan Zatecky, who is not a defendant in this case) in *Kelly v. Person*, No. 1:14-cv-01364-SEB-DML (S.D. Ind.).  This claim is therefore **dismissed** as duplicative.

Second, Mr. Kelly alleges (in Counts I and IV of his complaint) that Defendants Person, Stoops, and Kelly refused to treat the extreme pain he is experiencing around the area his spleen

is located in violation of his Eighth Amendment rights.  These claim essentially duplicate the Eighth Amendment claims Mr. Kelly raised in *Kelly v. Person*, No. 1:14-cv-01364-SEB-DML (S.D. Ind.), in which he alleged that Defendant Person, during the same time period, failed to treat his extreme pain.  Therefore, the claims in Counts I and IV are **dismissed** as duplicative.  Discovery is ongoing in that case, so to the extent Mr. Kelly wishes to add defendants or allegations of additional pain, he must request permission to do so in that case.  The clerk is **directed** to docket a copy of this Entry in *Kelly v. Person*, No. 1:14-cv-01364-SEB-DML (S.D. Ind.).

Third, Mr. Kelly alleges (in Count II of his complaint) that in 2013, while he was incarcerated at Indiana State Prison, Defendants Mitcheff and Thompson refused to provide him medical treatment in violation of his Eighth Amendment rights.  This claim is essentially the same as Mr. Kelly's claims against Defendant Mitcheff in *Kelly v. Mitcheff*, No. 3:13-cv-924-RL-CAN (N.D. Ind.).  Therefore, this claim is **dismissed** as duplicative.

For the reasons stated, Mr. Kelly's claims are all dismissed as duplicative.  This dismissal is without prejudice.  Judgment consistent with this entry shall now issue.

**IT IS SO ORDERED**.

Date: 6/8/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD L. KELLY
860033
Electronic Service Participant – Court Only

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**